IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

MARTESE JOHNSON,

    Plaintiff,

v.

DEPARTMENT OF ALCOHOLIC
BEVERAGE CONTROL, JARED MILLER,
THOMAS CUSTER, JOHN CIELAKIE, and
SHAWN P. WALKER

    Defendants.

Civil Action No. 3:15-cv-00055-GEC

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EXPEDITED MOTION TO STRIKE FIRST AMENDED COMPLAINT AND FOR AN EXTENSION OF TIME TO FILE "ADDITIONAL MEMORANDA IN RESPONSE"**

Plaintiff Martese Johnson, by and through the undersigned counsel, hereby submits this Opposition to Defendants the Department of Alcoholic Beverage Control, Jared Miller, Thomas Custer, John Cielakie, and Shawn P. Walker's (collectively, "Defendants") Motion to Strike First Amended Complaint and for an Extension of Time to File "Additional Memoranda in Response."

**INTRODUCTION**

In accordance with the Court's January 21, 2016 Order, Mr. Johnson filed a First Amended Complaint ("FAC") on February 1, 2016. *See* Doc. No. 38. This Amended Complaint fully comports with both the Court's written Order and the colloquy between the Court and counsel during the January 20, 2016 hearing on Defendants' Motion to Dismiss. Indeed, rather than "change the substance of this action," as Defendants claim, Mr. Johnson's amendments focus on two issues (both fully contemplated by the Court): (1) adding factual allegations to clear

203358203.4

up any ambiguities raised during the hearing (which would have been construed in Mr. Johnson's favor in any event); and (2) adding theories of liability (bystander liability and gross negligence) that were explicitly discussed and approved during the hearing. While Defendants strain to find ambiguities in the Court's Order where none exist, they cannot prevent Mr. Johnson from pleading relevant facts or applicable theories of liability merely because they further highlight the deficiencies in Defendants' Motion to Dismiss. Mr. Johnson's amendments fully comport with both the plain text and the spirit of the Court's Order, and Defendants' Motion to Strike should be denied in its entirety.

## ARGUMENT

### I. Plaintiff's Amended Complaint Fully Comports with the Court's Order and Hearing on the Motion to Dismiss

Mr. Johnson's Amended Complaint fully comports with both the plain terms of the Court's January 21, 2016 Order and the Court's colloquy during the hearing on the Motion to Dismiss. Accordingly, Defendants' Motion should be denied in its entirety.

"Basic to the operation of the judicial system is the principle that a court speaks through its judgments and orders." *Murdaugh Volkswagen, Inc. v. First Nat'l Bank of South Carolina*, 741 F.2d 41, 44 (4th Cir. 1984). As such, "[i]t is the formal order that determines the action of the court rather than some chance statement or observation made by the Judge during the course of oral argument." *Id.*; *see also New Horizon of NY LLC, v. Jacobs*, 231 F.3d 143, 152-53 (4th Cir. 2000) ("Courts must speak by orders and judgments, not by opinions, whether written or oral, or by chance observations or expressed intentions made by courts during, before or after trial, or during argument."); *In re Under Seal*, 749 F.3d 276, 289 (4th Cir. 2014) (same).

Here, the Court's January 21, 2016 Order unambiguously granted Mr. Johnson blanket leave to amend, without *any* restrictions:

> Plaintiff's oral motion for leave to file an amended complaint is **GRANTED**.
> Plaintiff shall have ten (10) days from the date of this order to file an amended complaint;

Doc. No. 32 at 1 (emphasis in original). In fact, this Order specifically contemplated Mr. Johnson adding new allegations in amending his Complaint, as it expressly provided Defendants with the opportunity to file "additional memoranda in response to plaintiff's amended allegations." *See id.* Moreover, the Court noted that "[s]hould either side wish to orally argue *any new matters raised*, request to schedule such a hearing should be made before the end of the thirty (30) day period established for the amended complaint and response." *Id.* (emphasis added). Were the Court's Order limited to the mere ministerial amendment Defendants claim (to change simple negligence to gross negligence), *see* Doc. No. 40 at 3, there would have been no need for provisions allowing Defendants to file additional memoranda or to schedule a second hearing on the motion to dismiss.[1] Thus, the plain and unambiguous terms of the Court's Order specifically encompass *any* amendments Mr. Johnson might have chosen to make, and, under the case law, this should end the discussion.[2]

Nevertheless, in addition to following the Court's Order, Mr. Johnson also fully complied with the Court's guidance provided during the January 20, 2016 hearing. Mr. Johnson

---

[1] While Defendants point out that the Court "did not grant the plaintiff the opportunity to file 'additional memoranda' following his amendment," *see* Doc. No. 40 at 3, this does nothing to change the scope of the Court's Order. Rather, it simply means that Mr. Johnson might not have an opportunity to provide a *written* response to any new arguments Defendants might make in their briefing (although the Order does not preclude Mr. Johnson from seeking the opportunity to respond, if necessary). This might have been a factor for Mr. Johnson to take into account when deciding how to amend, but it does not affect the plain language of the Court's Order.

[2] Defendants' citation to *U.C.F.W. Local 56 Health & Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149 (D. N.J. 2007) is entirely consistent with this analysis. There, both the court and the plaintiff clearly expressed an intent to allow only limited amendments to the complaint, whereas, here (as shown below), the Court contemplated a much broader amendment during the hearing. *See id.* Moreover, the Court there reviewed the transcript to clarify ambiguities in the applicable order that are not present here (where the intent of the Court's Order is clear from its face).

- 3 -

essentially amended his Complaint in three different ways: (1) he added certain factual allegations to clarify any potential ambiguities raised during the motion to dismiss hearing (although such ambiguities would have been construed in Mr. Johnson's favor in any event); (2) he added a theory of bystander liability with respect to Defendant Cielakie; and (3) he changed his allegations in Count IV from simple Negligence to Gross Negligence.[3] *See* FAC, generally. All of these amendments were specifically contemplated by the Court during the hearing.

Notably, the Court began its questioning of Mr. Johnson's counsel by asking him whether he had any desire to amend any part of the Complaint:

> THE COURT: That's fine. Let me ask you a preliminary question, as I always do in these circumstances. You've heard counsel criticize the complaint, as worded, in several respects. Let me ask at the outset: Is there any desire on the plaintiff's part to seek leave to amend the complaint based on what's been said here today or in the memoranda that have been submitted up to this point?

**Exhibit A** at 55:14-20 (Jan. 20, 2016 Hearing Tr.). Mr. Johnson's counsel noted that he would certainly be amenable to such a possibility, especially should there be any doubt as to the viability of Mr. Johnson's claims and as to bystander liability. *See id.* at 55:21-24 ("Maybe, Your Honor, and certainly depending on the Court's rulings. Your Honor suggested something about bystander liability for one of the officers ….").

After the Court heard argument from both parties, the Court then confirmed that it would be granting leave to amend beyond any simple ministerial amendments *before* ruling on the motion to dismiss. Indeed, after holding that Mr. Johnson would be granted ten days to amend before any ruling was made, Mr. Johnson's counsel asked the Court to clarify the scope of leave:

> Mr. CHEW: Your Honor, may I just ask a point of clarification—

---

[3] Given the broad nature of the Court's Order, Mr. Johnson made a few additional amendments to further clarify any potential ambiguities. These included adding Defendants Custer and Cielakie to Mr. Johnson's Assault claims and making sure that each count pled an entitlement to attorneys' fees.

- 4 -

203358203.4
Case 3:15-cv-00055-GEC   Document 41   Filed 02/29/16   Page 4 of 9   Pageid#: 628

> THE COURT: Sure.
>
> MR. CHEW: --does the ten days to amend run from the time we receive your opinion on the motion to dismiss?
>
> THE COURT: No. The ten days runs from today, and excludes weekends.
>
> MR. CHEW: And that's even though we don't know which counts will—
>
> THE COURT: I would anticipate, based on what's been said here today, motions for leave to amend only as to counts two and five, and possibly on the issue of bystander liability, but you know, one questions whether that would be a viable cause in that case.
>
> MR. CHEW: Thank you, Your Honor.

**Exhibit A** at 93-94.

Thus, the Court explicitly contemplated amendments to Counts II (Excessive Force) and V (Negligent Supervision and Training), as well as on the issue of bystander liability. Mr. Johnson's amendments to the "Factual Background" section of his Complaint were done specifically to clarify any ambiguities with respect to Count II, and thus fully comported with the Court's instructions during the hearing. *See* FAC ¶¶ 16-58. Likewise, Mr. Johnson added both facts and legal allegations in stating a claim for bystander liability in Counts I and II, as contemplated by the Court. *See* FAC ¶¶ 44-47, 78-82, 96-100. Mr. Johnson also amended Count IV to change his allegations from simple negligence to Gross Negligence, as authorized by the Court. *See* **Exhibit A** at 74:8-17 ("It seems to me I have given you the opportunity for leave to amend. If you want to do so, you can …. That's Cou[n]t Four."). All of Mr. Johnson's amendments were made with both the Court's Order and oral instructions in mind, and Mr. Johnson did *not* exceed the scope of leave granted by the Court.

Defendants' argument that the Court did not actually grant leave to amend Counts II, IV, and V, but only "suggested the possibility of future amendments (or motions to amend)," *see*

Doc. No. 40 at 3, ignores the context in which the Court's statements were made. As discussed above, the Court anticipated "motions for leave to amend" as to Counts II and V in direct response to Mr. Johnson's counsel's question clarifying the scope of leave *already* granted. *See* **Exhibit A** at 93-94. Thus, the Court was not describing some potential for granting leave in the future, but rather, was explaining the scope of leave currently being granted. *See id.* In fact, given these specific explanations, it is particularly surprising that Defendants would argue that leave to amend was limited to "chang[ing] Count IV from a simple negligence claim to a gross negligence claim," as they do. *See* Doc. No. 40 at 3; *id.* at 7.

Similarly, Defendants' "most significant[ ]" claim that the Court did not grant Mr. Johnson leave to add claims of bystander liability, *see id.* at 8, is belied by the Court's plain colloquy contemplating just such an amendment. *See* **Exhibit A** at 93-94. Confusingly, Defendants also argue that, when the Court granted leave to amend with respect to Count II, it actually meant Count III. *See* Doc. 40 at 9. Yet, the Court specifically stated that it would be dismissing Counts III and V and would entertain a motion for leave with respect to those Counts at a later date. *See* **Exhibit A** at 83:23-84:2 ("Again, with the understanding that if the facts support it, you may come back and seek to amend down the road. But as of today, there's just no reason to believe that you would be successful in that.").[4] Respecting this ruling, Mr. Johnson explicitly did not amend Counts III and V, leaving them for another day. *See* FAC. And given this ruling, it would have made no sense for the Court to have granted leave to amend with respect to Count III, rather than Count II, as Defendants claim.

In short, Mr. Johnson's amendments do not "change the substance of this action" as Defendants claim. *See* Doc. No. 40 at 11. Rather, Mr. Johnson simply acted to clarify potential

---

[4] Defendants, themselves, admit at a later point in time that the Court did not grant leave to amend with respect to Counts III and V. *See* Doc. No. 40 at 9 n.3.

factual ambiguities that he would have had the chance to plead in any event (and which would have been taken in the light most favorable to Mr. Johnson during the Court's review) and to plead theories of liability explicitly contemplated by the Court. Mr. Johnson did not change any previously pled theories of liability (other than changing negligence to gross negligence); nor did he disavow any facts previously pled. He simply better explained the factual basis on which his claims rest.

Defendants seem to believe that they should have the right to freeze Mr. Johnson's Complaint in time and address only those allegations, regardless of what actually happened or what Mr. Johnson can plead in good faith. But, as Defendants acknowledge, leave to amend should be freely given, *see* Doc. No. 40 at 7, and Mr. Johnson should have the right to plead the full set of facts on which his claims are based, so that the Court may determine whether his claims have merit (as the Court fully contemplated). At bottom, Mr. Johnson's amendments fully comported with both the plain terms of the Court's Order and the Court's colloquy during oral argument. He did *not* exceed the scope of leave granted by the Court and Defendants' Motion should be denied in its entirety.[5]

---

[5] Even were the Court to conclude that Mr. Johnson exceeded the scope of leave granted in some manner (which it should not), the Court should still deny the Motion to Strike, as Mr. Johnson's amendments are closely related to those contained within the original Complaint and Defendants will not suffer any prejudice as a result of the filing. *See Shirk v. Fifth Third Bancorp*, No. 05-cv-049, 2008 WL 4449024, at *14 (S.D. Ohio Sept. 26, 2008) (denying motion to strike where the plaintiffs "included additional facts in the second amended complaint to bolster the prohibited transaction and self dealing claims" because these changes were not "significant enough to require Plaintiffs to move for further leave to include these allegations in the second amended complaint"); *Wallace v. Sys. & Computer Tech. Corp.*, No. 95-cv-6303, 1997 WL 602808, at *8 (E.D. Pa. Sept. 23, 1997) ("Although plaintiffs have added some new allegations, they are closely related to the allegations in the first amended complaint and the general theories of recovery remain the same …. Accordingly, this court finds no unfair disadvantage to defendants from allowing the [second amended complaint].").

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Strike should be denied in its entirety.

Dated: February 29, 2016     Respectfully submitted,

                                            By: s/ Benjamin G. Chew
                                                  Benjamin G. Chew (VSB #29113)
                                                  Joshua N. Drian (VSB #82061)
                                                  Diana L. Eisner (admitted *pro hac vice*)
                                                  Attorney for Plaintiff
                                                  MANATT, PHELPS & PHILLIPS, LLP
                                                  1050 Connecticut Avenue, N.W., Suite 600
                                                  Washington, DC 20036
                                                  Telephone: (202) 585-6500
                                                  Fax: (202) 585-6600
                                                  [Email: BChew@manatt.com]
                                                  [Email: JDrian@manatt.com]
                                                  [Email: DEisner@manatt.com]

John S. Davis (VSB #72420)
Charles E. James (VSB #46310)
Daniel Watkins (VSB #84592)
WILLIAMS MULLEN
Attorney for Plaintiff
200 South 10th Street, Suite 1600
P.O. Box 1320 (23218-1320)
Richmond, Virginia 23219
Telephone: (804) 420-6045
Fax: (804) 420-6507
[Email: dwatkins@williamsmullen.com]

*Counsel for Plaintiff Martese Johnson*

- 8 -

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of February, 2016, a true and correct copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record:

Nicholas F. Simopoulos
General Civil and Trial Unit Manager
Assistant Attorney General
Office of the Virginia Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 786-8199
Facsimile: (804) 371-2087
Email: nsimopoulos@oag.state.va.us

s/
Benjamin G. Chew (VSB #29113)
MANATT, PHELPS & PHILLIPS LLP
1050 Connecticut Avenue, Suite 600
Washington D.C. 20036
Telephone: (202) 585-6511
Facsimile: (202) 637-1522
Email: BChew@manatt.com