CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 3 2017

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARTESE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:15-cv-00055-GEC |
| ) | |
| JARED MILLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the stipulation of the parties by their respective attorneys, it is ORDERED that:

1. The purpose of this Protective Order ("Order") and agreement is to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2. This Order governs the handling of all documents, testimony, and information produced, given, or filed herein by the parties and designated or considered "CONFIDENTIAL" under this Order. This Order does not govern the sealing of any document on the public record submitted with any Court filing or at trial. Any party wishing to file any document or portion thereof under seal shall follow the procedures for doing so set forth in W.D. Va. Gen. R. 9.

3. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to confidential information. This Order shall not expand or otherwise provide protection to information that is in the public domain and/or otherwise discoverable via request under the United States and/or Commonwealth of Virginia Freedom of Information Acts and/or through any other legitimate, ethical, and legal

ATTACHMENT A            1

means. The fact that information is or is not designated "CONFIDENTIAL" under this Order shall not determine what a trier-of-fact may find to be confidential or proprietary.

4. Any party may designate as "CONFIDENTIAL" any materials produced in this action, including any document, any answer to interrogatories or other discovery requests in this action, or any portion of any deposition (including exhibits) in this action, that contains any confidential, proprietary, personal, or similar information as such materials have been protected by the Courts (e.g., arrest records, medical records, tax records, non-public financial records, non-public records disclosing or describing law enforcement training, operations or policies and procedures, proprietary or trade secret documents, and other personal documents that a party would not want made public). The designation of any information or document as "CONFIDENTIAL" shall be made in good faith.

5. Parties may designate materials as confidential by writing, typing, or stamping the word "CONFIDENTIAL" on the face of any materials upon production to the opposing party. Counsel for any party may also designate materials as confidential by so stating in any written correspondence accompanying the production of said materials.

6. The parties may designate deposition testimony or portions thereof as "CONFIDENTIAL" by so designating such testimony during or after the deposition, but in no event later than twenty-one (21) days after the date on which the official transcript is made available. The parties may request that any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order. Copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by

ATTACHMENT A                                              2

such reporter, except that they may be delivered to attorneys of record.

7.      In the event such "CONFIDENTIAL" material is later introduced into evidence or considered by the Court, neither the designation "CONFIDENTIAL" nor the fact of such designation shall be admitted into evidence or considered by the Court, other than for the Court's consideration of disputes under this Order. Any documents marked "CONFIDENTIAL" that are admitted into evidence and/or relied upon and referenced by the Court in any opinion granting or denying a motion dispositive of any claim or defense asserted in the case shall lose the protection provided in this order absent further Order of the Court to the contrary.

8.      In the event materials are produced herein (including materials produced by third parties) which, in a party's opinion, should have been, but were not, designated as "CONFIDENTIAL," such party may designate such material as "CONFIDENTIAL" in accordance with the terms of this Order by notifying counsel for all parties (including a producing third party) of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such materials as "CONFIDENTIAL," and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents been designated as "CONFIDENTIAL" to begin with.

9.      Should a party object to the designation of material as "CONFIDENTIAL" that party shall give written notice of such objection to the other party. Within seven (7) days, counsel shall confer to attempt to resolve such objections. If no resolution is reached, the party objecting to such designation may apply to this Court for a ruling whether the material in question should be treated as "CONFIDENTIAL" under this Order. Pending the Court's ruling, the parties shall treat the document as "CONFIDENTIAL" as provided under this Order.

10.     Except under further Order of this Court, material designated or considered

ATTACHMENT A                                              3

"CONFIDENTIAL" pursuant to this Order or otherwise under the protection of this Order shall be used solely for the purposes of this action (including any appeals) and shall not be disclosed to any person or entity, except the Court (including the clerk's office), the trier of fact, the parties, counsel for the parties, their staff members, their professional and para-professional employees or consultants, any person whose name or other information appears on the face of a document that identifies that person as an author, addressee, or recipient of that document, and any experts associated by the parties regarding this action. As used herein, the term "parties" includes the parties' officers, directors, and employees in a management capacity. Prior to any such disclosure to an expert witness, counsel shall inform the expert of the provisions of this Order and obtain his or her written agreement to be bound by this Order (to which a copy of this Order shall be attached). Any "CONFIDENTIAL" documents that are presented to a witness during deposition, in preparation for a deposition, or otherwise will retain the protection of this Order despite this disclosure.

11. Notwithstanding the provisions of the preceding paragraph, the parties may disclose to persons who may be called as witnesses in the case during trial or discovery, facts or information contained in "CONFIDENTIAL" material that counsel believe in good faith to be necessary for adequate preparation or presentation of the case, provided that counsel shall first inform the witness of the provisions of this Order and obtain his or her written agreement to be bound by this Order.

12. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however,

shall not be deemed in violation of the provisions of this Order.

13. Upon final termination of this action, including any appeals, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall destroy all material received from any other party designated "CONFIDENTIAL," including all copies, abstracts or summaries thereof within thirty (30) days. Notwithstanding this provision, counsel of record may retain an archival copy (including one paper copy and electronic copies maintained in the counsel's electronic filing system) of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, or attorney work product, even if such materials contain CONFIDENTIAL materials. Any such archival copies that contain or constitute CONFIDENTIAL materials shall remain subject to this Order. Other than the archival copy, documents containing CONFIDENTIAL material must be removed from any electronic databases.

14. Nothing in this Order shall prevent a party from any use of his or its own confidential documents.

15. This Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance, or privilege. Further, the provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered.

16. The parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

17. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of either party to challenge the propriety of discovery on other grounds.

18. Notwithstanding the foregoing provisions, counsel shall have the right to black-out or otherwise protect, prior to production, confidential personal information (i.e. addresses, phone numbers, Social Security Numbers, etc.), bank account numbers, and/or other proprietary or personal identification information, unless such information is discoverable in this matter.

19. Upon final termination of this action, including any appeals, unless otherwise agreed to in writing by an attorney of record for the designating party, the provisions and terms of this Order shall remain in effect indefinitely, as the mere termination of this action shall not remove any of the protections afforded herein.

20. Should any dispute about the confidentiality of materials or documents in this case or the provisions of this Order arise at any time, or should any party contend that the other party has violated the terms of this Order, the parties shall meet, confer, and endeavor to resolve the dispute or contention, as appropriate. Absent such resolution, or in circumstances where resolution is not possible, for example, when a party has commented on or disclosed confidential information to a third party, person, or entity in violation of the terms of this Order, the parties may bring the dispute or contention to the Court's attention, and the Court will address the matter, providing any relief as the Court may deem warranted.

The Clerk is directed to send copies of this Order to counsel of record.

ENTERED this 3rd day of February, 2017.

_____
Chief United States District Judge

ATTACHMENT A                                6

Case 3:15-cv-00055-GEC   Document 78   Filed 02/03/17   Page 6 of 8   Pageid#: 1274

WE ASK FOR THIS:

By: /s/ Nicholas F. Simopoulos
Nicholas F. Simopoulos (VSB No. 68664)
General Civil and Trial Unit Manager
Alexander K. Page (VSB No. 78894)
Assistant Attorney General
Edwin L. Kincer, Jr. (VSB No. 24148)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 786-8198 Telephone
(804) 371-2087 Facsimile
nsimopoulos@oag.state.va.us
apage@oag.state.va.us
ekincerjr@oag.state.va.us
*Counsel for the Defendants*


By: /s/ Joshua N. Drian
Benjamin G. Chew, Esquire
Joshua N. Drian, Esquire
Diana L. Eisner, Esquire (admitted *pro hac vice*)
Manatt, Phelps & Phelps, LLP
1050 Connecticut Avenue, N.W., Suite 600
Washington, D.C. 20036
Telephone: (202) 585-6500
Facsimile: (202) 585-6600
Email: BChew@manatt.com
Email: JDrian@manatt.com
Email: DEisner@manatt.com
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARTESE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:15-cv-00055-GEC |
| ) | |
| JARED MILLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## CONFIDENTIALITY AGREEMENT

I have read the attached Protective Order entered in this case, and I agree to be bound by its terms. I further understand that, by signing this Confidentiality Agreement, I consent to submit myself to the jurisdiction of the United States District Court for the Western District of Virginia for the purpose of enforcing the terms of said agreement and the attached Protective Order. I understand the Protective Order prohibits me from using confidential documents and information for any purpose other than preparing for and conducting this case and from disclosing such documents and information to any person not bound by the Protective Order.

_____     _____

Signature                                              Date


_____

Printed Name

ATTACHMENT A                                           8