IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| MARTESE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 3:15-cv-00055-GEC |
| ) | |
| JARED MILLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants Thomas Custer ("Custer") and Jared Miller ("Miller") (collectively "Defendants"), by counsel, and pursuant to Federal Rule of Civil Procedure ("Rule") 37, assert the following in support of Defendants' Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents ("Motion to Compel"):

**I.     Facts and Procedure**

The Plaintiff filed this action against the Commonwealth of Virginia Department of Alcoholic Beverage Control ("ABC"), former-ABC Director of Enforcement Shawn Walker ("Walker")[1], and three ABC law enforcement agents (the "Agents") claiming injuries sustained from an alleged encounter with and arrest by the Agents outside Trinity Irish Pub ("Trinity") in Charlottesville, Virginia on morning of March 18, 2015.  The Court dismissed ABC and one of the Agents from this action as well as multiple counts from the Amended Complaint.  The Plaintiff now seeks to pursue the following claims of constitutional violations under 42 U.S.C. § 1983 and state law:

---

[1] Walker retired from government service in January 2017.

> Count II: § 1983 Excessive Force against Miller and Custer;
> Count III: § 1983 Supervisory Liability against Walker;
> Count IV: Gross Negligence against Miller and Custer;
> Count VI: Assault against Miller and Custer; and
> Count VII: Battery against Miller and Custer

The Plaintiff and the remaining Defendants have served discovery requests. On December 1, 2016, Defendants each propounded First Sets of Interrogatories ("Interrogatories") and Requests for Production of Documents ("RFPs") to the Plaintiff (collectively "discovery requests"). On January 20, 2017, Defendants responded to the Plaintiff's discovery requests, each producing over 2,100 pages of paper documents and multiple flash-drives and discs containing voluminous records from subpoenas, as well as collectively over 80 pages of written objections and responses.

By contrast, on January 20, 2017, the Plaintiff provided "responses" to only a limited number of Defendants' discovery requests, objecting to all Interrogatories and RFPs, producing zero (0) documents, and furnishing inadequate answers to what limited Interrogatories for which a written response was offered. **Exhibit A**, Plaintiff's Responses to Miller Discovery; **Exhibit B**, Plaintiff's Responses to Custer Discovery. Accordingly, by letter dated February 3, 2017, Defendants requested full and complete responses to their discovery requests in an attempt to resolve the deficiencies and vast omissions without this Court's involvement. *See* **Exhibit C**. On February 7, 2017, the Plaintiff produced 112 pages of documents, but failed to describe any of the materials or reference a single document in response to the Interrogatories or RFPs. Indeed the Plaintiff's "initial production" – containing copies of multiple photographs and speaking engagement contracts – omits critical materials requested by Defendants which fall squarely within the purview of Rule 26 and to which Defendants are entitled in this case.

On February 8, 2017, counsel for Defendants requested a telephone conference call with the Plaintiff's counsel as a last attempt to confer on the outstanding deficiencies and omissions in the Plaintiff's responses and "initial production." On February 10, 2017, the parties conducted a lengthy conference call in an attempt to resolve the dispute and defense counsel demanded full and complete responses to the discovery requests – without objections – by close of business February 13, 2017. *See* **Exhibit D**, Defense counsel Letter confirming call. However, no supplemental responses or documents whatsoever were provided by the Plaintiff by close of business February 13, 2017 and none have been received to date. Rather, on Monday, February 13, 2017, counsel for the Plaintiff e-mailed a letter to counsel for Defendants stating that they plan to supplement certain responses to Defendants' discovery requests but without providing those supplements or a date on which they plan to provide them. *See* **Exhibit E**, Plaintiff counsel Letter concerning discovery responses.

Pursuant to this Court's Revised Scheduling Order (ECF No. 75), discovery in this matter closes on June 9, 2017 and dispositive motions must be filed by June 15, 2017. Trial is set for July 25-28, 2017. In order to maintain this schedule, counsel for Defendants plan to begin depositions shortly, but they cannot conduct thorough depositions without the documents and interrogatory responses they have requested from the Plaintiff. Accordingly, Defendants respectfully request that this Court order Plaintiff to immediately provide Defendants with full and complete – without objections – answers and responses to the Defendants' discovery requests and to cure the deficiencies discussed herein.

## II.     Legal Standard

Rule 26(b)(1) provides that a party may obtain discovery regarding any non-privileged matter relevant to any party's claim or defense and proportional to the needs of the case,

3

considering the importance of the issues at stake, amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(1). Information within the scope of discovery need not be admissible in order to be discoverable. *Id.* An interrogatory may relate to any matter that falls within the scope of discovery provided under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

The Court may compel discovery responses when a party fails to answer an interrogatory or fails to produce documents. Fed. R. Civ. P. 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). In the Fourth Circuit, "the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting Fourth Circuit cases). Indeed the burden of convincing the district court falls on the party objecting to discovery, who must show that the discovery should not be allowed. *Castle v. Jallah*, 142 F.R.D. 618 (E.D.Va. 1992). "[T]he promise to continue to search for records and supplement its responses in the future, is a completely inadequate response to a long standing discovery request." *Aerodyne Sys. Eng'g, Ltd. v. Heritage Int'l Bank*, 115 F.R.D. 281, 284-85 (D. Md. 1987).

### III.   Argument

The Plaintiff's answers to Interrogatories are either not provided at all, or are deficient. The Plaintiff has failed to produce responsive documents to numerous Requests for Production and many of the documents Plaintiff did produce are non-responsive, evasive, or incomplete.

4

Accordingly this Court should compel the Plaintiff to correct the deficiencies discussed herein and provide – without objections - full and complete answers to Interrogatories and responses to Requests for Production.

### A. Miller Interrogatories

What follows is a recap of the Interrogatories, a summary of the Plaintiff's objections, and the grounds for compelling the discovery sought.

- **Interrogatory No. 2** asks for the Plaintiff's addresses for the past seven (7) years, but the Plaintiff only provided his addresses from January 1, 2015 to present. Defendants offered in good faith to reduce the request to five (5) years preceding the alleged incident on March 18, 2015. Defendants are entitled to this address information for several reasons, including the fact that the Plaintiff has placed his prior zip code at issue in the case by his allegations regarding the subject incident at issue in the case.

- **Interrogatory No. 4** asks the Plaintiff to identify the nature of any expense or pecuniary loss claimed in this case, the amount of the expense or loss, the methods used to calculate the expense or loss, and how the Plaintiff contends such expense or loss was caused by the events and incidents alleged in the Complaint. The Plaintiff presented several inapplicable objections and in his response, failed to identify the nature and amount of any expense or pecuniary loss, the methods used to calculate and any causal connection such expenses or costs may have to the underlying alleged events and incidents at issue in this case.[2]

- **Interrogatory No. 10** states: "What specifically do you contend that Agent Miller was required to do that he did not do prior to and during your arrest? In your answer, identify which rule, law, regulation, policy or procedure, or standard of care required Agent Miller to take each specific action you contend he was required to take." The Plaintiff failed to answer this Interrogatory and instead stood on the objections that (1) the information is protected by attorney-client privilege and work product doctrine, (2) it is a contention interrogatory and premature, and (3) and the request is overly broad and unduly burdensome. The Interrogatory is an appropriate opinion or contention interrogatory, which are routinely used and appropriate under Rule 33(a)(2) as amended. The information sought is not premature because Agent Miller's alleged conduct at issue in this case should be known to the Plaintiff by now, and the request for the Plaintiff's contention about factual information regarding Agent Miller's conduct and an application of the law to such facts is appropriate, squarely within the scope of Rule 26 discovery, and necessary for the defense to obtain in written discovery.[3]

---

[2] Counsel for the Plaintiff indicated that the Plaintiff will supplement his response to this Interrogatory, but he has not provided that supplement or indicated when he plans to do so.

[3] Counsel for the Plaintiff indicated that the Plaintiff will supplement his response to this Interrogatory based on a narrowed reading of the request. Defendants object to the contention that they agreed to narrow the Interrogatory and request this Court compel the Plaintiff to provide a full and complete responses – without objections.

- **Interrogatory Nos. 11 – 14** ask for "all facts, not legal conclusions or facts couched as legal conclusions, and identify all witnesses with knowledge of such facts, supporting your claim that Agent Miller [used excessive force (11), was grossly negligent (12), assaulted you (13), and committed a battery against you (14)], as set forth in [respective counts] of the Complaint." The Plaintiff stood on numerous inapplicable objections. These interrogatories are proper, clear, and seek information that is relevant, non-privileged, and proportional to the needs of the case.[4]

- **Interrogatory No. 16** states: "Describe in detail your consumption of any alcoholic beverage, sedative, tranquilizer, or other drug, medicine, or pill, whether such substance was legal or illegal or prescription or over-the-counter, during the 24 hours immediately preceding your arrest as alleged in the Complaint, including identification of the beverage, drug, medicine, or pill and stating the amount of each consumed, the periods of time when each amount was consumed, and identification of where you consumed each, and any and all persons who may have been present or have any knowledge as to your consumption of such substance." The Plaintiff failed to answer this Interrogatory, and instead stands on the objections that "it seeks information that is not relevant to any party's claims or defenses, is not proportional to the needs of the case, and seeks information that is protected by the attorney-client privilege and possibly the doctor-patient privilege." These objections are inapplicable. There is no privilege, the Amended Complaint places the Plaintiff's physical and mental condition at issue in the case, the Plaintiff acknowledges in this lawsuit that he was charged with public intoxication, and both his physical and mental state at the time of the alleged events and incidents are critical to the issues in this case.

- **Interrogatory No. 17** states: "Describe every crime, including but not limited to crimes involving moral turpitude, and traffic offense of which you have been charged or convicted, stating with respect to each crime or offense whether it was an infraction, misdemeanor, or felony, whether you pled guilty, no contest or were convicted at trial, the tribunal where such offense(s) were adjudicated, and the fine or sentence you received, if any." The Plaintiff failed to answer the Interrogatory and instead stands on the objections that "it is overbroad, seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of the case." The Plaintiff should be compelled to answer this Interrogatory without objections because the information sought regarding his offense/criminal history is relevant and proportional to the needs of the Defendants' case.

- **Interrogatory Nos. 18 and 19** seek information regarding any statements made by the Plaintiff "about the circumstances, events, facts, or incidents alleged in the Complaint…" and is thus relevant and properly tailored to seek important information about the facts and circumstances surrounding the alleged events and incidents at issue. Moreover, Interrogatory No. 18 seeks information about the Plaintiff's statements to "any third party" and No. 19 seeks information about such statements made to "an audience of any size, live or otherwise…" so there is no applicable attorney-client privilege and/or work product

---

[4] *See* n.3, *supra*.

6

protection available as the Plaintiff contends in his objections. The Plaintiff should be compelled to answer these Interrogatories without objections.

- **Interrogatory No. 21** states: "Do you have knowledge of any claims, complaints, or episodes prior to March 17, 2015 against or implicating Agent Miller in his capacity as a law enforcement agent for the Commonwealth of Virginia Department of Alcoholic Beverage Control? If so, please state the date, time, location, nature, and substance of the claim, complaint, or episode, including whether and in what manner, such claim, complaint, or episode implicates Agent Miller's training as a law enforcement agent, and identify all witnesses to the events or incidents leading to the claim, complaint, or episode." The Plaintiff failed to answer this Interrogatory, instead standing on objections of attorney-client privilege and work product protection, "contention interrogatory and premature" and that the phrase "implicating Agent Miller in his capacity as a law enforcement agent" is vague. In good faith, Defendants agreed to remove the phrase "or implicating" from the Interrogatory, so it is no longer vague and there is no applicable privilege or protection that shields the requested information from discovery. Furthermore, this is not a contention interrogatory because it asks for the Plaintiff's knowledge and description of factual information about the matters set forth in the First Amended Complaint. *See also* November 23, 2016 Order (ECF No. 69) lifting stay of discovery in part.[5]

### B. Custer Interrogatories

Many of Custer's Interrogatories are similar in subject matter to those of Miller and the Plaintiff should be compelled to provide full and complete responses – without objections – to the same for the reasons set forth above. In addition, Custer's Interrogatory No. 18 asked the Plaintiff to provide information about his health care providers in the years before the alleged incident. The Plaintiff claims that this interrogatory is not relevant, despite having claimed physical injuries in this case.[6] It is important for Defendants to be able to determine whether the Plaintiff had any preexisting injuries as he is claiming damages in the form of both "physical injuries and severe mental anguish" in the First Amended Complaint and seeks "[m]edical expenses for injuries sustained on March 18, 2015" in the Plaintiff's Amended Initial Disclosures.

---

[5] Counsel for the Plaintiff indicated that the Plaintiff will supplement his response to this Interrogatory based on his understanding of the Request, but he has not provided that supplement or indicated when he plans to do so.
[6] Counsel for the Plaintiff indicated that the Plaintiff will provide the requested information, but he has not provided it or indicated when he plans to do so.

7

In addition, the Plaintiff failed to provide any answer whatsoever to numerous Interrogatories, stating without sufficient grounds or prior notice to the defense: "Mr. Johnson stands on his objections." *See e.g.* Custer Interrogatory Nos. 5, 6, 8, 9, 10, 11-13, 16, 18, and 20.[7] Again, the discovery sought is proper and the objections are either inapplicable or insufficient to insulate the Plaintiff from the required disclosure of essential information to which Defendants are entitled. The burden of convincing this Court falls on the party objecting to discovery, who must show that the discovery should not be allowed. *Castle*, 142 F.R.D. 618. As such, this Court should compel full and complete responses to the Defendants' discovery requests.

    **C.    Defendants' RFPs**

The Plaintiff should be compelled to provide responses – without objections - to Miller's RFP Nos. 1 - 6, 8, 9, 11 - 15, 17, 19 - 22, 24 – 38 and Custer's RFPs containing similar subject matters, identifying and producing the materials requested therein.[8]

    *1.    The Plaintiff has not produced any documents in response to some of Defendants' Requests for Production.*

The Plaintiff has indicated that he intends to stand on his objections and not produce documents responsive to multiple requests for production. For instance, Plaintiff has refused to provide emails and text messages to or from himself concerning the incidents described in the Complaint. *See* Miller RFP 21-22, Custer RFP 18-19. More specifically, Plaintiff also objected to provided text messages and emails from the dates directly surrounding the date of the alleged incident. Miller RFP 29-31; Custer RFP 26-28. Moreover, Plaintiff refused to produce

---

[7] Counsel for the Plaintiff indicated that the Plaintiff will supplement his responses to Custer's Interrogatories that are similar or the same as the Miller Interrogatories that he will supplement, but he has not provided these supplements or indicated when he plans to do so.

[8] Counsel for the Plaintiff indicated that the Plaintiff will provide the requested documents in response to Miller RFPs 4 and 11, but he has not provided the documents or indicated when he plans to do so.

8

communications between himself and any person he identified in the Amended Complaint or in his Amended Initial Disclosures and he refused to produce communications between himself and individuals associated with Trinity Pub. Miller RFP 13, 35; Custer RFP 11, 32.

The Plaintiff objects to these requests for production, in part, because they seek documents relating to Plaintiff's allegations "whether or not such allegations are disputed." However, the Plaintiff's objection is not the standard under which documents should be produced. Rather, the requested communications are relevant under Rule 26(b)(1) of the Federal Rules of Civil Procedure because they directly relate to Plaintiff's allegations and because Defendants do not otherwise have access to them. Further, among other purposes, their production will help Defendants identify witnesses, investigate the Plaintiff's claims, and may be used for impeachment purposes.

Likewise, Defendants seek the Plaintiff's credit card statements and receipts from a three day period before the alleged incident. Miller RFP 33; Custer RFP 29. The Plaintiff objects, claiming that this request is "not relevant to any party's claims or defenses." But on the contrary, Defendants contend that the Plaintiff had been consuming a significant amount of alcohol and was drunk at the time of the incident. Plaintiff's credit card statements and receipts from the requested time period are relevant and will demonstrate whether the Plaintiff purchased alcohol in the time period before the alleged incident, which directly informs Defendants' defense.

Other requests to which the Plaintiff has refused to produce documents include information from his academic file at UVA and his criminal records. Miller RFP 17, 38; Custer RFP 35. As in his other objections, the Plaintiff claims that these documents are not relevant. However, Defendants are entitled to obtain documents that they may use to impeach the Plaintiff

9

or that would otherwise inform them of the Plaintiff's previous encounters with law enforcement, to the extent that they exist.

## 2. The Plaintiff's production in response to some of Defendants' other Requests for Production is deficient.

On February 7, 2017, the Plaintiff produced a number of documents, but his production is deficient as many of the documents are either non-responsive or irrelevant. In addition, the Plaintiff's document production fails to provide any references to the specific discovery requests to which they are purportedly responsive, leaving Defendants to mere conjecture. Defendants are entitled to this information and responsive material under the Rules of discovery and the Plaintiff should be compelled to provide the same.

## IV. Certificate of Conference

In accordance with Rule 37(a), Defendants certify that they attempted to resolve these discovery disputes with Plaintiff by letter dated February 3, 2017 and by phone on February 10, 2017, but the parties were not able to reach an agreement.

## V. Conclusion

The Fourth Circuit has recognized that "fairness in the disposition of civil litigation is achieved when the parties to the litigation have knowledge of the relevant facts, and therefore the discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992) (citation omitted). In this case, Defendants are in a fundamentally unfair position, having provided substantial responses to interrogatories and thousands of documents to the Plaintiffs but having received very few documents and only limited responses to interrogatories from the Plaintiff. Defendants must be permitted to defend themselves against the Plaintiff's allegations, and they cannot adequately do so without the discovery responses required by law and the Federal Rules. As a result, Defendants request that

this Court order the Plaintiff to immediately supplement his discovery responses to fully respond to each of Defendants' requests and to provide such other relief, including costs and expenses under Rule 37(a)(5), as the Court may deem just and proper.

**Respectfully submitted,**

**JARED MILLER and THOMAS CUSTER**

By:   /s/ Alexander K. Page
Nicholas F. Simopoulos (VSB No. 68664)
Sr. Assistant Attorney General and Unit Manager
Alexander K. Page (VSB No. 78894)
Assistant Attorney General
Edwin L. Kincer, Jr. (VSB No. 24148)
Assistant Attorney General
Nancy Hull Davidson (VSB No. 85536)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 786-8198 Telephone
(804) 371-2087 Facsimile
nsimopoulos@oag.state.va.us
apage@oag.state.va.us
ekincerjr@oag.state.va.us
ndavidson@oag.state.va.us
*Counsel for the Defendants*

Mark R. Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2017, I electronically filed the foregoing Brief in Support of Defendants' Motion to Compel Answers to Interrogatories and Responses to Requests for Production of Documents with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for the Plaintiff.

By:   /s/    Alexander K. Page
Alexander K. Page (VSB No. 78894)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-8198
Facsimile: (804) 371-2087
Email: nsimopoulos@oag.state.va.us
*Counsel for the Defendants*