# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

MARTESE JOHNSON,

        Plaintiff,

    v.

DEPARTMENT OF ALCOHOLIC
BEVERAGE CONTROL, JARED MILLER,
THOMAS CUSTER, JOHN CIELAKIE, and
SHAWN P. WALKER

        Defendants.

Civil Action No. 3:15-cv-00055-GEC

## PLAINTIFF MARTESE JOHNSON'S RESPONSES TO DEFENDANT JARED MILLER'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

        Plaintiff Martese Johnson, through his undersigned counsel and in accordance with Fed. R. Civ. P. 26, 33, and 34, hereby submits his responses to Defendant Jared Miller's first set of discovery requests. All of Mr. Johnson's responses are based on his investigation thus far and information reasonably known as of the date of the responses. Mr. Johnson is continuing to look for and review materials that may be responsive to these requests, and will supplement or modify his responses, if necessary, in accordance with the applicable rules. To the extent Mr. Johnson responds to a discovery request, he is not waiving any right to object to the introduction of any response or document into evidence at any stage of these proceedings, including at summary judgment or at trial. Any statement contained in these responses that non-privileged information or documents will be produced in response to a specific Request does not mean that any such information or document actually exists, but only that such information or documents will be produced to the extent they exist and can be obtained without undue burden.

DEFENDANT'S
EXHIBIT
NO. A

PENGAD-Bayonne, N. J.

203902472.1

## Objections to Instructions and Definitions

1.      Mr. Johnson objects to No. 2 as overbroad because it seeks to define the term "document" beyond how that term is defined under the Federal Rules of Civil Procedure.

2.      Mr. Johnson objects to No. 3 as overbroad because it encompasses within the definition of Mr. Johnson persons and entities that are unrelated to this case, over which Mr. Johnson has no control, and without information relevant to any party's claims or defenses. Mr. Johnson will provide information in accordance with Fed. R. Civ. P. 26(b)(1) and (2).

3.      Mr. Johnson objects to No. 5 as overbroad and as seeking information that is neither relevant to any party's claims or defenses nor proportional to the needs of this case. To the extent Mr. Johnson identifies a document as responsive to a particular request, he will provide a copy of such document. If additional information about a particular document is necessary, then Mr. Johnson, through counsel, will make a good faith attempt to resolve any issues that might arise concerning such additional information.

4.      Mr. Johnson objects to No. 6 as overbroad and as seeking information that is protected by the attorney work-product doctrine.

5.      Mr. Johnson objects to No. 7 as overbroad because it seeks information and documents that are unrelated to this case and not relevant to any party's claims or defenses.

6.      Mr. Johnson objects to No. 8 as overbroad because it seeks to impose obligations beyond what is required under Rules 26, 33, and 34.

7.      Mr. Johnson objects to No. 9 as overbroad because it seeks to impose obligations beyond what is required under Rules 26, 33, and 34.

8.      Mr. Johnson objects to No. 12 as overbroad because it seeks to impose obligations beyond what is required under Rule 26. Mr. Johnson will provide a privilege log for all responsive information that is withheld on the basis of a privilege or work-product protection in accordance with Rule 26. Mr. Johnson will not provide a log of responsive yet privileged communications created after March 19, 2015, which is the date Mr. Johnson retained counsel,

203902472.1

as logging such information would be unduly burdensome given the claims and defenses at issue in this case.

9.      Mr. Johnson objects to No. 16 as overbroad and seeking information that might be protected by privilege or under the attorney work-product doctrine. Mr. Johnson further objects that this definition seeks to impose on Mr. Johnson an obligation to provide information that is beyond the scope of discoverable information under Rule 26. In providing responses to Requests, Mr. Johnson will follow his obligations to do so as described in the Rules.

Because these objections to Definitions and Instructions would apply to each Request below, each of the foregoing responses incorporates Mr. Johnson's objections to the extent an objectionable instruction or definition is implicated in the specific Request.

Further, the information provided in these responses is to be kept confidential under the parties' proposed protective order.

## Objections and Responses to Specific Discovery Requests

## INTERROGATORIES

### INTERROGATORY NO. 1:
Identify any person who has supplied any of the information, responses, or documents you provide or produce in response to these First Set of Interrogatories and Requests for Production of Documents, including identifying for which Interrogatories or Requests for Production of Documents the person supplied the information, responses, or documents.

### RESPONSE TO INTERROGATORY NO. 1:

Mr. Johnson objects that this Interrogatory seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this interrogatory seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of this case. Mr. Johnson further objects that this interrogatory seeks information that has already been disclosed in his initial disclosures and is thus duplicative and cumulative. Mr. Johnson further objects that this interrogatory seeks to impose a separate

- 3 -

and discrete subpart on each of the interrogatories contained herein, and seeks to add an interrogatory to each of the document requests contained herein.

Subject to and without waiving the foregoing objections, Mr. Johnson supplied the information, responses, and documents used to respond to these requests.

**INTERROGATORY NO. 2:**
State your full name, all names by which you have ever been known, date of birth, social security number, home addresses for the past seven (7) years, and telephone numbers, including the applicable telephone service providers or carriers (e.g., Verizon, Sprint, AT&T, or T-Mobile), for the past seven (7) years.

**RESPONSE TO INTERROGATORY NO. 2:**

Mr. Johnson objects to this interrogatory as overbroad because the time frame stated (seven years) includes information that is not relevant to any party's claims or defenses, nor proportional to the needs of this case. The facts and circumstances giving rise to the Complaint occurred in March 2015. Mr. Johnson will provide responsive information from January 1, 2015 to the present.

Subject to and without waiving the foregoing objections, Mr. Johnson responds as follows: Name - Martese Ra'Shaad Johnson; date of birth – █████████; SSN – █████████; Addresses since January 1, 2015 - (1) ███████████████████████ (current), (2) ████████████████████████ (from July 2015 to July 2016 (3) ████████████████████ (through July 2015); telephone number(s) since January 1, 2015 - ██████████ (T-Mobile from November 2016 to present; Verizon prior to November 2016).

**INTERROGATORY NO. 3:**
Identify all of your employment, including self-employment, from 2010 to present, and for each state the following:
    (a)      period and place of employment;
    (b)      name of supervisor(s);
    (c)      salaries, wages, or other earnings;

- 4 -

(d)     hours worked per week and weeks per year;
(e)     physical activities and duties involved; and
(f)     job classification, title, and reason for leaving.

## RESPONSE TO INTERROGATORY NO. 3:

Mr. Johnson objects to this interrogatory as overbroad because it seeks information that is

not relevant to any party's claims of defenses, not proportional to the needs of this case, and

encompasses personal and confidential information.  Mr. Johnson's employment information for

the five-year period preceding the acts that gave rise to the Complaint has no bearing on any

matter involved in this case, and is of no importance in resolving the issues raised in the

Complaint.

Subject to and without waiving the foregoing objections, Mr. Johnson responds as

follows: from approximately May to August 2014, I worked at the UVA Office of New Student

Programming as an Orientation Leader; from the Fall of 2014 to the Fall of 2015, I worked as a

Facility Attendant at the Aquatic & Fitness Center in Charlottesville; from June 2015 to August

2015, I worked as an intern for the Center for American Progress in Washington, DC; and from

July 2016 to the present I have worked as a strategist for Sylvain labs in New York, NY.

## INTERROGATORY NO. 4:
If you claim any expense or pecuniary loss (including any claim for attorneys' fees as a
result of the litigation related to the Complaint and the claim(s) against Agent Miller), identify
the nature of the expense or loss, the amount of the expense or loss, the methods used by you to
calculate the expense or loss, and how you contend such expense or loss was caused by the
events and incidents alleged in your Complaint.

## RESPONSE TO INTERROGATORY NO. 4:

Mr. Johnson objects to producing information about his attorneys' fees as protected by

the attorney-client privilege and the attorney work-product doctrine.  Mr. Johnson further objects

that any request for non-privileged information about his attorneys' fees is premature at this time

and thus irrelevant because until he prevails on the merits against one or more of the Defendants,

- 5 -

he has no claim for attorneys' fees; such a claim is properly addressed through post-trial motions. *See* Fed. R. Civ. P. 54(d)(2). Mr. Johnson further objects that this interrogatory seeks information that will be subject to expert discovery, and Mr. Johnson will provide appropriate information in accordance with the rules governing expert discovery and the Scheduling Order entered in this case.

Subject to and without waiving the foregoing objections, Mr. Johnson responds as follows: My encounter with ABC agents on the night of March 18, 2015 resulted in various forms of sustained injury that still have an impact on me today. These forms of injury include physical, emotional and social hardship.

Physical: I sustained three lacerations to my forehead, scalp — one of which required immediate doctor's attention, anesthetics, and ten stitches to heal. My visit to the ██████ ██████ and the ████████ was followed by several visits to the ██████████████ for potential wound infections, discharging, and stitch removals. Since my head wounds fully healed, I have maintained visible scarring on my forehead and scalp, mild skin discoloring, and am experiencing lack of hair growth in the affected areas. Outside of my head wounds and scarring, I sustained profuse swelling, bruising, scratches, and other wounds on my mouth, shoulders, arms, wrists, and torso as a result of my encounter with ABC officers on March 18th.

Emotional: I experienced intense trauma upon becoming the subject of excessive force by ABC Agents on March 18, 2015. Being physically abused and humiliated by officers in front of peers and community members has stuck with me ever since, and forced a sense of helplessness upon me. Since my encounter with ABC Agents, I have feared being in close proximity of law enforcement officers of all kind, which has impeded my ability to navigate society as a consciously happy and safe citizen. Beyond sustained trauma, this experience

negatively affected my academic experience at the University of Virginia, causing heightened stress and academic hardship, and ultimately leading to my late withdrawal from a course that was essential to my timely graduation. This withdrawal led to future academic stress, requiring me to take an overstuffed course load the following semester to remain on track to graduate on time. My overall grades for the following semesters also suffered, affecting my cumulative GPA. As a result of stress, anxiety, and inability to manage trauma, I admitted myself into the ███████████████████████████████████████████████ in the Spring of 2015. I scheduled and attended three different therapy sessions at ████████ but decided that it was not helping me to overcome my emotional struggles, and stopped attending as the 2015 Spring Semester came to an end. Since then, I have sought emotional support from friends and family members. While this process has helped, I still struggle with trauma from the event and perpetual fear of law enforcement.

Social: Since the events of March 18, 2015, I have experienced social duress that has negatively affected my professional, academic and interpersonal lives. In the Winter of my third year of college, I had begun interview processes with various business firms. By March, I had solidified an offer from one sales firm and was being considered for a second offer from a prestigious banking firm. The morning after my abuse by ABC Agents, video footage and personal information about me had gone viral throughout a myriad of media sources. In response to this national headline news story, the latter firm called me the afternoon of that very same day and declined to offer me a job position. The former firm also called and threatened to potentially rescind my offer, but the discrepancy was resolved after a few conversations. In my classes, I had become a publicly known figure, which led to constantly being singled out by professors. This was often intended to be done in a supportive way, but instead ostracized me

from peers and classmates, and placed heightened pressure on me in the classroom. I was no longer a normal student like the rest of my peers — something that I did not ask for and was not comfortable with. In the summer after my third year, I was notified that a media critic and Charlottesville resident had reported me for three Honor offenses for review by the University of Virginia's Honor Committee (a committee I served on as a representative and executive board member). As one of the organization's biggest leaders at the time, I was forced to undergo a lengthy Honor investigation process in which peers that I led were tasked with investigating my rightful standing at UVA. While the case was dropped in an early stage of the investigation, it still created added tension in my working and casual relationships. It often became a distraction from my studies. My interpersonal relations became more tense as a result of my encounter with ABC Agents. I was forced to constantly relive the events of March 18, 2015, as I experienced harassment from peers and strangers alike. This harassment included cruel, racist comments and gestures in various public places (D.C. Metro, University campus, etc.). My social media accounts have also become the subject of racially driven insults and slurs, made by a wide range of people. When anyone googles my name, the first thing they will see is my face bloodied and a story about my arrest at the University of Virginia. When people meet me for the first time, they already have set assumptions about me. I have come to the understanding that this event will live with me for the rest of my life, and will sometimes be the deterring factor in potential professional and social opportunities for me.

**INTERROGATORY NO. 5:**
Identify by name, position, employment, address, and telephone number all witnesses with knowledge of the facts or circumstances alleged by you in the Complaint and with respect to, concerning, related to, or involving Agent Miller, all persons who have made statements, written or oral, concerning the allegations, facts, events, and incidents alleged in the Complaint and with respect to, concerning, related to, or involving Agent Miller, and the dates and nature of such statements, and all other persons, having personal knowledge of facts and circumstances material to allegations in the Complaint and with respect to, concerning, related to, or involving

Agent Miller. For each witness above, state your understanding of what knowledge the witness has relating to the events, facts, and circumstances alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Mr. Johnson objects to this interrogatory as seeking duplicative information that was already provided in his initial disclosures. He further objects that this interrogatory is overbroad in that it seeks information that is neither relevant to any party's claims or defenses, nor proportional to the needs of this case. Mr. Johnson further objects that this interrogatory seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. *See, e.g., In re Allen*, 106 F.3d 582 (4th Cir. 1997).

Subject to and without waiving the foregoing objections, Mr. Johnson responds as follows: Vendarryl Jenkins, a current student at Columbia Law School, approached the Trinity Irish Pub with me; Alston Cobb, currently a commercial real estate analyst at Wells Fargo in New York, was one of my peers at the time of the incident; Osman Nur, currently an M&A analyst at Bank of America Merrill Lynch in New York, was one of my roommates; Michael Brunson, one of my friends and a bouncer; Bryan Beaubrun, recorded part of the video of the incident and is currently a student researcher at the NYU Langone Medical Center in Westbury, NY; Aryn Frazier, currently an intern at One Commonwealth PAC and has been a Black Student Alliance representative at UVA; Chukwudumebi (Joy) Omenyi, currently an IT Analyst at the Federal Reserve Bank of Richmond, and was the Black Student Alliance President at UVA at the time of the incident; Kevin Badke, owner of the Trinity Irish Pub and who has made statements to the press about the specific incident; Dr. Maurice Apprey, a professor of psychiatric medicine and the Dean of the UVA Office of African-American Affairs; Kimberly Basset, currently the Associate Dean of the UVA Office of African-American Affairs; Dr. Marcus Martin, UVA's Vice President and Chief Officer for Diversity and Equity; Dychea Johnson, my mother; Joshua

- 9 -

Kinlaw, currently the CEO at LawFirm Productions, and was one of my roommates; Robert

Moore, one of my mentors, a fraternity brother, and assisted me in obtaining counsel; Alec

Frydman, currently a student at UVA and a member of UVA's Honor Committee, and was the

UVA Honor investigator who investigated the Honor allegations against me and who eventually

dropped the investigation.

The following are links to various statements of which Mr. Johnson is aware that some

individuals have made concerning the incident described in the complaint. By identifying these

statements, Mr. Johnson is not indicating that he intends to call any of these individuals as

witnesses in this case, nor has formed a belief as to the truth of those statements, nor is he

indicating a necessary reliance on these statements: Marcus Martin,

http://wtvr.com/2015/03/20/u-va-vice-president-martese-johnson-was-apparently-not-

intoxicated/ - March 20, 2015; Abraham Axler, UVA Student Council President

http://www.nbc29.com/story/28617520/uva-student-council-passesresolution-to-address-abc-

law-enforcement?clienttype=mobile - April 8, 2015; http://wtvr.com/2015/05/04/panel-

considers-whether-abc-should-have-the-power-to-arrest-underage-students/ - May 4, 2015; Joy

Omenyi, Aryn Frazier, Vendarryl Jenkins, Black Dot

http://www.cavalierdaily.com/article/2015/03/black-dot-what-marteses-arrest-means-for-us -

March 20, 2015; Kevin Badke, http://www.newsplex.com/home/headlines/Bar-Owner-

Describes-Moments-Before-Martese-Johnson-Arrest-297154041.html - March 21, 2015.

**<u>INTERROGATORY NO. 6:</u>**
Identify all persons whom you intend to call as witnesses at trial and with respect to,
concerning, related to, or involving your claim(s) against Agent Miller, and for each such
witness, state the substance of his or her testimony.

- 10 -

**RESPONSE TO INTERROGATORY NO. 6:**

Mr. Johnson objects that this interrogatory seeks information that is protected by the

attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects

that this interrogatory is premature; Mr. Johnson will provide the information required under

Fed. R. Civ. P. 26(a)(3) and in accordance with the Scheduling Order issued in this case. Mr.

Jonson stands on his objections.

**INTERROGATORY NO. 7:**
Identify all persons whom you intend to call as expert witnesses at trial and with respect
to, concerning, related to, or involving your claim(s) against Agent Miller, and state for each
such witness the subject matter, facts, or opinions as to which you expect him or her to testify,
the facts or data considered in forming any and all opinions, and a summary of the grounds for
each such opinion.

**RESPONSE TO INTERROGATORY NO. 7:**

Mr. Johnson objects that this interrogatory seeks information that is protected by the

attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects

that this interrogatory is premature; Mr. Johnson will provide the information required under

Fed. R. Civ. P. 26(a)(2) and in accordance with the Scheduling Order issued in this case. Mr.

Jonson stands on his objections.

**INTERROGATORY NO. 8:**
List all reports, photographs, videotapes or moving pictures, diagrams, documentation, or
physical evidence of any description in the possession of you, your attorney(s), or your agents
relating to the circumstances, events, facts, and incidents alleged in the Complaint and with
respect to, concerning, related to, or involving Agent Miller.

**RESPONSE TO INTERROGATORY NO. 8:**

Mr. Johnson objects to this interrogatory because it seeks information that is protected by

the attorney-client privilege and the attorney work-product doctrine. Without waiving the

foregoing objections, in accordance with Fed. R. Civ. P. 33, Mr. Johnson will produce a copy of

the non-privileged materials responsive to this interrogatory.

- 11 -

**INTERROGATORY NO. 9:**

State all facts, not legal conclusions or facts couched as legal conclusions, supporting your false arrest claim in the Complaint against Agent Miller, identifying all witnesses with knowledge of such facts.

**RESPONSE TO INTERROGATORY NO. 9:**

Mr. Johnson objects to this interrogatory because it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this is a contention interrogatory and premature because discovery is just beginning. *See, e.g., Univ. of Virginia Patent Foundation v. General Elec. Co.,* 2015 WL 4878880 (W.D.Va. Aug. 14, 2015). Mr. Johnson further objects that this interrogatory is overbroad, not proportional to the needs of this case, and creates an undue burden because it seeks "all facts" in support of a specific claim, regardless of the importance of such facts to the issues in this case. *See, e.g. Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. V. Coventry First LLC,* 273 F.R.D. 367, 369 (S.D.N.Y. 2010). Mr. Johnson further objects that seeking the identity of each witness with knowledge of a particular fact amounts to a separate and discrete subpart and should be considered an additional interrogatory. Mr. Johnson stands on his objections.

**INTERROGATORY NO. 10:**

What specifically do you contend that Agent Miller was required to do that he did not do prior to and during your arrest? In your answer, identify which rule, law, regulation, policy or procedure, or standard of care required Agent Miller to take each specific action you contend he was required to take.

**RESPONSE TO INTERROGATORY NO. 10:**

Mr. Johnson objects to this interrogatory because it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this is a contention interrogatory and premature because discovery is just beginning. *See, e.g., Univ. of Virginia Patent Foundation v. General Elec. Co.,* 2015 WL 4878880 (W.D.Va.

- 12 -

Aug. 14, 2015). Mr. Johnson further objects that this interrogatory is overly broad and unduly

burdensome because it requires him to provide a complete narrative explaining all of his legal

theories and providing all of his evidence he intends to present when the case is heard. *See, e.g.*

*Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997); *Ritchie Risk-Linked Strategies Trading*

*(Ir.), Ltd. V. Coventry First LLC,* 273 F.R.D. 367, 369 (S.D.N.Y. 2010). Mr. Johnson stands on

his objections.

**INTERROGATORY NO. 11:**

State all facts, not legal conclusions or facts couched as legal conclusions, and identify all
witnesses with knowledge of such facts, supporting your claim that Agent Miller used excessive
force against you, as set forth in Count II of your Complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

Mr. Johnson objects to this interrogatory because it seeks information that is protected by

the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects

that this is a contention interrogatory and premature because discovery is just beginning. *See,*

*e.g., Univ. of Virginia Patent Foundation v. General Elec. Co.,* 2015 WL 4878880 (W.D.Va.

Aug. 14, 2015). Mr. Johnson further objects that this interrogatory is overbroad, not proportional

to the needs of this case, and creates an undue burden because it seeks "all facts" in support of a

specific claim, regardless of the importance of such facts to the issues in this case. *See, e.g. Hilt*

*v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997); *Ritchie Risk-Linked Strategies Trading (Ir.),*

*Ltd. V. Coventry First LLC,* 273 F.R.D. 367, 369 (S.D.N.Y. 2010). Mr. Johnson further objects

that seeking the identity of each witness with knowledge of a particular fact amounts to a

separate and discrete subpart and should be considered an additional interrogatory. Mr. Johnson

stands on his objections.

203902472.1

**INTERROGATORY NO. 12:**
State all facts, not legal conclusions or facts couched as legal conclusions, and identify all witnesses with knowledge of such facts, supporting your claim that Agent Miller was grossly negligent, as set forth in Count IV of your Complaint.

**RESPONSE TO INTERROGATORY NO. 12:**

Mr. Johnson objects to this interrogatory because it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this is a contention interrogatory and premature because discovery is just beginning. *See, e.g., Univ. of Virginia Patent Foundation v. General Elec. Co.,* 2015 WL 4878880 (W.D.Va. Aug. 14, 2015). Mr. Johnson further objects that this interrogatory is overbroad, not proportional to the needs of this case, and creates an undue burden because it seeks "all facts" in support of a specific claim, regardless of the importance of such facts to the issues in this case. *See, e.g. Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. V. Coventry First LLC,* 273 F.R.D. 367, 369 (S.D.N.Y. 2010). Mr. Johnson further objects that seeking the identity of each witness with knowledge of a particular fact amounts to a separate and discrete subpart and should be considered an additional interrogatory. Mr. Johnson stands on his objections.

**INTERROGATORY NO. 13:**
State all facts, not legal conclusions or facts couched as legal conclusions, and identify all witnesses with knowledge of such facts, supporting your claim that Agent Miller assaulted you, as set forth in Count VI of your Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

Mr. Johnson objects to this interrogatory because it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this is a contention interrogatory and premature because discovery is just beginning. *See, e.g., Univ. of Virginia Patent Foundation v. General Elec. Co.,* 2015 WL 4878880 (W.D.Va. Aug. 14, 2015). Mr. Johnson further objects that this interrogatory is overbroad, not proportional

- 14 -

to the needs of this case, and creates an undue burden because it seeks "all facts" in support of a specific claim, regardless of the importance of such facts to the issues in this case. *See, e.g. Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. V. Coventry First LLC,* 273 F.R.D. 367, 369 (S.D.N.Y. 2010). Mr. Johnson further objects that seeking the identity of each witness with knowledge of a particular fact amounts to a separate and discrete subpart and should be considered an additional interrogatory. Mr. Johnson stands on his objections.

## INTERROGATORY NO. 14:

State all facts, not legal conclusions or facts couched as legal conclusions, and identify all witnesses with knowledge of such facts, supporting your claim that Agent Miller committed a battery against you, as set forth in Count VII of your Complaint.

## RESPONSE TO INTERROGATORY NO. 14:

Mr. Johnson objects to this interrogatory because it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this is a contention interrogatory and premature because discovery is just beginning. *See, e.g., Univ. of Virginia Patent Foundation v. General Elec. Co.,* 2015 WL 4878880 (W.D.Va. Aug. 14, 2015). Mr. Johnson further objects that this interrogatory is overbroad, not proportional to the needs of this case, and creates an undue burden because it seeks "all facts" in support of a specific claim, regardless of the importance of such facts to the issues in this case. *See, e.g. Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. V. Coventry First LLC,* 273 F.R.D. 367, 369 (S.D.N.Y. 2010). Mr. Johnson further objects that seeking the identity of each witness with knowledge of a particular fact amounts to a separate and discrete subpart and should be considered an additional interrogatory. Mr. Johnson stands on his objections.

- 15 -

**INTERROGATORY NO. 15:**

State in detail the nature of the mental and physical injury or injuries you claim as a result of the circumstances, events, facts, or incidents alleged in the Complaint and the extent and nature of any disability claimed.

**RESPONSE TO INTERROGATORY NO. 15:**

*See* Response to Interrogatory No. 4.

**INTERROGATORY NO. 16:**

Describe in detail your consumption of any alcoholic beverage, sedative, tranquilizer, or other drug, medicine, or pill, whether such substance was legal or illegal or prescription or over-the-counter, during the 24 hours immediately preceding your arrest as alleged in the Complaint, including identification of the beverage, drug, medicine, or pill and stating the amount of each consumed, the periods of time when each amount was consumed, and identification of where you consumed each, and any and all persons who may have been present or have any knowledge as to your consumption of such substance.

**RESPONSE TO INTERROGATORY NO. 16:**

Mr. Johnson objects to this interrogatory because it seeks information that is not relevant to any party's claims or defenses, is not proportional to the needs of the case, and seeks information that is protected by the attorney-client privilege and possibly the doctor-patient privilege. *See, e.g., Cook v. Howard*, 484 Fed.Appx. 805, 813 (4th Cir. 2012). Mr. Johnson stands on his objections.

**INTERROGATORY NO. 17:**

Describe every crime, including but not limited to crimes involving moral turpitude, and traffic offense of which you have been charged or convicted, stating with respect to each crime or offense whether it was an infraction, misdemeanor, or felony, whether you pled guilty, no contest or were convicted at trial, the tribunal where such offense(s) were adjudicated, and the fine or sentence you received, if any.

**RESPONSE TO INTERROGATORY NO. 17:**

Mr. Johnson objects to this interrogatory because it is overbroad, seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of the case. *See, e.g., Cook v. Howard*, 484 Fed.Appx. 805, 813 (4th Cir. 2012). Mr. Johnson stands on his objections.

- 16 -

**INTERROGATORY NO. 18:**

      Describe in detail any statement(s), written and oral, that you have made to any third party about the circumstances, events, facts, or incidents alleged in the Complaint, including but not limited to any person employed, associated, or affiliated with any media, news, or entertainment source, including but not limited to any journal, magazine, newsletter, newspaper, pamphlet, periodical, publication, social media or other online entity, radio or television station, or radio or television show. In describing the statement(s) above, please state the date, time, location, audience to or recipient of said statement(s), and any compensation you received related to said statement(s).

**RESPONSE TO INTERROGATORY NO. 18:**

      Mr. Johnson objects to this interrogatory because it seeks information that is subject to the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this interrogatory is overbroad and not proportional to the needs of the case because it seeks to discover all statements whether written or oral made to any third party at any time regarding any fact alleged in the complaint, regardless of the significance, content, or context of that statement.

      Subject to and without waiving the foregoing objections, Mr. Johnson responds as follows: I have had various conversations with the individuals identified in response to Interrogatory No. 5 above, although I cannot recall the specific dates or the specific content of those conversations. I have also had numerous brief, non-substantive conversations with individuals who have offered me their support after the incident, but I do not recall names, dates, and specifics of those conversations. I have given various statements to the press about the incident described in the Complaint, which can be found through the following links:

http://www.nbc29.com/story/29306663/one-on-one-with-martese-johnson;

(https://www.youtube.com/watch?v=IDxbQx6797s; http://abcnews.go.com/US/video/charges-dropped-uva-student-martese-johnson-arrest-sparked-31732853;

http://www.cbsnews.com/videos/uva-student-leader-speaks-out-about-his-arrest/;

- 17 -

http://www.aol.co.uk/video/mtv,-sam-whiteout-&-martese-johnson-on-allyship-519002564/. I have attended various speaking engagements, some of which included a discussion of the details of the case although I do not recall all of the specifics that I would have discussed, at the following: National Urban League Conference, which I believe was on July 31, 2015; Congressional Black Caucus Foundation Conference which I believe was on September 18, 2015; Kappa Alpha Psi National Conclave, which I believe was on August 13, 2015; Mamie Till Mobley Memorial Foundation, which I believe was on August 29, 2015; TEDxCharlottesville, which I believe was on November 13, 2015, 2015; Duke University, which I believe was on November 11, 2015 (I received approximately $1,000 for this engagement); Boston University, which I believe was on February 18, 2016 (I received approximately $1,500 for this engagement); Syracuse University, which I believe was on November 15, 2015; Morehouse College, which I believe was on February 16, 2016; George Washington University, which I believe was on February 15, 2016; College of William and Mary, which I believe was on march 29, 2016 (I received approximately $1,000 for this engagement); and Benedict College, which I believe was on February 26, 2016.

**INTERROGATORY NO. 19:**
   Describe in detail any statement(s) you have made concerning or relating to the circumstances, events, facts, or incidents alleged in the Complaint and made specifically to an audience of any size, live or otherwise, including but not limited to any conference, gathering, lecture, meeting, presentation, seminar, speech, talk, TEDx event, Twitter feed, YouTube video, or other publicly-attended event. In describing the statement(s), please state the date, time, location, audience to or recipient of your statement, and compensation you received relating thereto.

**RESPONSE TO INTERROGATORY NO. 19:**

   Mr. Johnson incorporates his objections and responses to Interrogatory No. 18.

**INTERROGATORY NO. 20:**
   State the name and address of each company, organization, or person, other than your attorney, that conducted any investigation of the circumstances, events, facts, or incidents alleged in the Complaint.

**RESPONSE TO INTERROGATORY NO. 20:**

Mr. Johnson objects that this interrogatory seeks to require Mr. Johnson to conduct research for defendant and seeks information that is better sought from third parties as Mr. Johnson has no control over any third parties who may have conducted any investigation regarding the incidents described in the Complaint. Without waiving any of the foregoing objections, as far as Mr. Johnson currently knows, the Virginia State Police conducted an investigation into the incidents described in the complaint, a redacted copy of the report is available at http://www.richmond.com/pdf_3026e7d0-6176-11e5-8a46-176e8a5d7baf.html. Mr. Johnson also believes that an ABC Enforcement Expert Review Panel also conducted an investigation and delivered a report to Gov. McAuliff,

https://www.abc.virginia.gov/about/expert-review-panel-materials.

**INTERROGATORY NO. 21:**

Do you have knowledge of any claims, complaints, or episodes prior to March 17, 2015 against or implicating Agent Miller in his capacity as a law enforcement agent for the Commonwealth of Virginia Department of Alcoholic Beverage Control? If so, please state the date, time, location, nature, and substance of the claim, complaint, or episode, including whether and in what manner, such claim, complaint, or episode implicates Agent Miller's training as a law enforcement agent, and identify all witnesses to the events or incidents leading to the claim, complaint, or episode.

**RESPONSE TO INTERROGATORY NO. 21:**

Mr. Johnson objects to this interrogatory because it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this appears to be a contention interrogatory and premature because discovery is just beginning. *See, e.g., Univ. of Virginia Patent Foundation v. General Elec. Co.,* 2015 WL 4878880 (W.D.Va. Aug. 14, 2015). Mr. Johnson further objects that the phrase "implicating Agent Miller in his capacity as a law enforcement agent" is vague. Mr. Johnson further objects

- 19 -

that seeking the identity of each witness with knowledge of a particular fact amounts to a separate and discrete subpart and should be considered an additional interrogatory. Mr. Johnson stands on his objections.

203902472.1

I, Martese Johnson, declare under penalty of perjury under the laws of the United States and the Commonwealth of Virginia that the foregoing is true and correct.

Dated: January 20, 2017

Martese Johnson

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents which you assert support your claim(s) against Agent Miller and/or were used or referenced in preparation of your answers and responses to the Interrogatories propounded herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Mr. Johnson objects to this Request because it seeks documents subject to the attorney-client privilege and the attorney work-product doctrine. *See, e.g., In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997). Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents used or referenced in preparing his answers to interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

All documents referenced, identified, and/or otherwise mentioned in the Complaint and specifically with respect to, concerning, relating to, or involving Agent Miller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Mr. Johnson objects that this Request seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson objects that this Request seeks documents that are as equally or more easily available to Defendant. Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents responsive to this Request to the extent such documents are within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**

All documents describing, reflecting, or relating to Agent Miller's acts or omissions alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Mr. Johnson objects that this Request seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson objects that this Request seeks documents that are as equally or more easily available to Defendant. Subject to and

203902472.1

without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents responsive to this Request to the extent such documents are within his possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 4:

All documents which in any way support your claim(s) against Agent Miller for every damage, expense, or pecuniary and financial loss you are asserting in the Complaint and in connection with this litigation and prosecution of claims in the Complaint, including but not limited to, documents regarding loss of wages, loss of income/profits, loss of earning capacity, loss of benefits, health care expenses, attorneys' fees, and costs.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Mr. Johnson objects that this Request seeks documents that are not relevant to any party's claims or defenses. Mr. Johnson further objects that this Request is overbroad, not proportional to the needs of this case, and creates an undue burden because it seeks "all documents" that "in any way" support Mr. Johnson's damages claim, regardless of the importance of such documents to the issues in this case. *See, e.g. Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. V. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010). *See also* Fed. R. Civ. P. 1. Mr. Johnson further objects that this Request seeks information subject to the attorney-client privilege and the attorney work-product doctrine. *See, e.g., In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997). Subject to and without waiving the foregoing objections, Mr. Johnson will produce documents supporting his claim for damages to the extent such documents are within his possession, custody, or control. Mr. Johnson will withhold documents regarding attorneys' fees. *See* Fed. R. Civ. P. 54(d)(2).

## REQUEST FOR PRODUCTION NO. 5:

All documents which evidence any compensation, payment, or remuneration to you from any person, including but not limited to any association, company, corporation, group, individual, institution, organization, news source, or radio or television station or show, which you received with respect to, concerning, related to, or involving any statement you identified in response to Interrogatory numbers 18 and 19, *supra*.

- 22 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Mr. Johnson objects to this Request because it seeks information protected by the

attorney-client privilege and the attorney work-product doctrine. Subject to and without waiving

the foregoing objections. Mr. Johnson will produce non-privileged documents responsive to this

Request to the extent such documents are within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**
All statements, admissions, documents, or other communications or correspondence
made by or between you, or anyone on your behalf, and any current or former agent, employee,
or representative (undersigned counsel excluded) of the Commonwealth of Virginia Department
of Alcoholic Beverage Control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Mr. Johnson objects to this Request because it seeks information protected by the

attorney-client privilege and the attorney work-product doctrine. Subject to and without waiving

the foregoing objections. Mr. Johnson will produce non-privileged documents responsive to this

Request to the extent such documents are within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**
All documents which the plaintiff may offer into evidence at trial or which will be used
for demonstrative purposes at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Mr. Johnson objects that this Request seeks information subject to the attorney-client

privilege and the attorney work-product doctrine. *See, e.g., In re Allen*, 106 F.3d 582, 608 (4th

Cir. 1997). Subject to and without waiving the foregoing objections, Mr. Johnson will produce

and identify documents to be used at trial in accordance with Fed. R. Civ. P. 26(a)(3) and the

Scheduling Order entered in this case.

**REQUEST FOR PRODUCTION NO. 8:**
All documents constituting affidavits, declarations, written statements (whether sworn or
not), or any other recitations by any person or individual, referring or relating to, or reflecting

any of the allegations, events, facts, circumstances, or incidents set forth in the Complaint and with respect to, concerning, related to, or involving Agent Miller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Mr. Johnson objects that this Request seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this Request is overbroad and not proportional to the needs of this case because it seeks all responsive documents regardless of their importance to the issues in this case. *See* Fed. R. Civ. P. 1. Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents responsive to this Request to the extent such documents are within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**
All documents that evidence, constitute, refer, concern, or relate to any claimed oral or written admission of fact relating to any allegation in the Complaint and with respect to, concerning, related to, or involving Agent Miller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Mr. Johnson objects that this Request seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this Request is overbroad and not proportional to the needs of this case because it seeks all responsive documents regardless of their importance to the issues in this case. *See* Fed. R. Civ. P. 1. Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents responsive to this Request to the extent such documents are within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**
All documents received by you or your attorney(s) pursuant to any subpoena request in the course of this litigation.

203902472.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Mr. Johnson will produce documents responsive to this Request to the extent such

documents exist.

**REQUEST FOR PRODUCTION NO. 11:**

All documents sent and received by you or your attorney(s) pursuant to any Freedom of
Information Act ("FOIA") request issued in connection with this litigation or the circumstances,
events, facts, or incidents alleged in the Complaint and with respect to, concerning, related to, or
involving Agent Miller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Mr. Johnson will produce documents responsive to this Request to the extent such

documents exist and production is permitted by law.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to any civil action or lawsuit, criminal proceeding, or
administrative proceeding in which you have been a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Mr. Johnson objects that this Request seeks information that is protected by the attorney-

client privilege and the attorney work product doctrine.  Mr. Johnson further objects that this

Request seeks information that is irrelevant to any party's claims or defenses and not

proportional to the needs of this case.  Mr. Johnson further objects that this Request is overbroad

as it is not tailored to any specific issue and is unlimited in time.  *See, e.g., Dauska v. Green Bay*

*Packaging, Inc.*, 291 F.R.D. 251, 262 (E.D. Wis. 2013); Fed. R. Civ. P. 1.  Mr. Johnson stands

on his objections.

**REQUEST FOR PRODUCTION NO. 13:**

All communications and correspondence - in any form - between you and any person
identified in the Complaint or listed in your Amended Initial Disclosures.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Mr. Johnson objects that this Request seeks information that is protected by the attorney-

client privilege and the attorney work product doctrine.  Mr. Johnson further objects that this

- 25 -

request seeks information that is irrelevant to any party's claims or defenses and not proportional

to the needs of this case. Mr. Johnson further objects that this Request is overbroad as it is not

tailored to any specific issue and is unlimited in time. Responding to this Request as written

would be unduly burdensome. *See, e.g., Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251,

262 (E.D. Wis. 2013); Fed. R. Civ. P. 1. Mr. Johnson stands on his objections.

## REQUEST FOR PRODUCTION NO. 14:

All documents or records of any statements given by any and all of the defendants named
in the caption of the Complaint, including Agent Miller, and/or agents of said defendant(s) or
purporting to make any statements or state any words given by any defendant or on behalf of a
defendant relating to the events, facts, circumstances, or incidents described in your Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Mr. Johnson objects that this Request seeks information that is protected by the attorney-

client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this

Request is overbroad and not proportional to the needs of this case because it seeks all

responsive documents regardless of their importance to the issues in this case. *See* Fed. R. Civ.

P. 1. Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-

privileged documents responsive to this Request to the extent such documents are within his

possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 15:

All documents, records, or recordings of any statements given by any witness or
individual relating to the events, facts, circumstances, or incidents alleged in your Complaint and
with respect to, concerning, related to, or involving Agent Miller.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Mr. Johnson objects that this Request seeks information that is protected by the attorney-

client privilege and the attorney work-product doctrine. Subject to and without waiving the

foregoing objections, Mr. Johnson will produce non-privileged documents responsive to this

Request to the extent such documents are within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**
A copy of your federal and state income tax returns, including schedules and W-2 forms, from 2010 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Mr. Johnson objects that this Request seeks information that is subject to a qualified

privilege, not relevant to any party's claims or defenses, overbroad, and not proportional to the

needs of this case. *See e.g., Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214 (W.D. Va. 1997).

Mr. Johnson stands on his objections.

**REQUEST FOR PRODUCTION NO. 17:**
Your complete academic file, including but not limited to your official transcripts, from the University of Virginia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Mr. Johnson objects that this Request seeks information that is not relevant to any party's

claims or defenses, overbroad, and not proportional to the needs of this case. *See, e.g., Cook v.

Howard*, 484 Fed.Appx. 805, 813 (4th Cir. 2012). Mr. Johnson stands on his objections.

**REQUEST FOR PRODUCTION NO. 18:**
All resumes or *curriculum vitaes* for each expert witness retained by the plaintiff who is expected to testify at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Mr. Johnson further objects that this Request is premature; Mr. Johnson will provide the

information required under Fed. R. Civ. P. 26(a)(2) in accordance with the Scheduling Order

issued in this case. Mr. Johnson stands on his objections.

**REQUEST FOR PRODUCTION NO. 19:**
All reports, photographs, videotapes or moving pictures, diagrams, documentation or other physical evidence of any description in the possession of you, your attorney(s) or your agents having anything to do with the facts, events, circumstances, or incidents alleged in the Complaint and with respect to, concerning, related to, or involving Agent Miller.

- 27 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Mr. Johnson objects that this Request seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this Request seeks documents that are as equally or more easily available to Defendant. Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents responsive to this Request to the extent such documents are within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**

All documents, including e-mails, you have either sent to or received from any agent, employee, or member of the Commonwealth of Virginia Department of Alcoholic Beverage Control (with undersigned counsel excluded) relating to the issues, events, circumstances, incidents, or facts alleged in the Complaint, or otherwise relating to you. E-mails should be produced electronically in their original form.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Mr. Johnson objects that this Request seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that the phrase "or otherwise related to you" seeks information that is overbroad, not relevant to any party's claims or defenses, and not proportional to the needs of this case. Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents responsive to this Request to the extent such documents concern the issues, events, circumstances, incidents, or facts alleged in the Complaint. Mr. Johnson will produce emails in an electronic and searchable format that will allow for bates-numbering and confidential designations.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, including e-mails and text messages, from you to any person concerning or relating to the allegations, events, facts, circumstances, or incidents set forth in the Complaint. All e-mails should be produced electronically in their original form.

203902472.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Mr. Johnson objects that this request seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this request is overbroad, lacks specificity, and is not proportional to the needs of this case because it seeks all documents sent to any person related to all allegations, events, facts, circumstances, or incidents set forth in the Complaint, whether or not such allegations are disputed or material to the issues in this case. Responding to this Request as written would be unduly burdensome. *See, e.g., Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251, 262 (E.D. Wis. 2013); Fed. R. Civ. P. 1. Mr. Johnson stands on his objections.

**REQUEST FOR PRODUCTION NO. 22:**

All documents, including e-mails and text messages, to you from any person concerning or relating to the allegations, events, facts, circumstances, or incidents set forth in the Complaint. All e-mails should be produced electronically in their original form.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Mr. Johnson objects that this request seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this request is overbroad, lacks specificity, and is not proportional to the needs of this case because it seeks all documents sent to any person related to all allegations, events, facts, circumstances, or incidents set forth in the Complaint, whether or not such allegations are disputed. Responding to this Request as written would be unduly burdensome. *See, e.g., Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251, 262 (E.D. Wis. 2013); Fed. R. Civ. P. 1. Mr. Johnson stands on his objections.

**REQUEST FOR PRODUCTION NO. 23:**

All documents that support your false arrest claim in the Complaint as against Agent Miller.

203902472.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Mr. Johnson objects that this Request seeks information subject to the attorney-client privilege and the attorney work-product doctrine. *See, e.g., In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997). Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents in response to other Requests and under Rule 26 that will also be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents that support your excessive force claim in the Complaint as against Agent Miller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Mr. Johnson objects that this Request seeks information subject to the attorney-client privilege and the attorney work-product doctrine. *See, e.g., In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997). Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents in response to other Requests and under Rule 26 that will also be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All documents that support your gross negligence claim in the Complaint as against Agent Miller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Mr. Johnson objects that this Request seeks information subject to the attorney-client privilege and the attorney work-product doctrine. *See, e.g., In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997). Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents in response to other Requests and under Rule 26 that will also be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents that support your assault claim in the Complaint as against Agent Miller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Mr. Johnson objects that this Request seeks information subject to the attorney-client privilege and the attorney work-product doctrine. *See, e.g., In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997). Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents in response to other Requests and under Rule 26 that will also be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**
All documents that support your battery claim in the Complaint as against Agent Miller.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Mr. Johnson objects that this Request seeks information subject to the attorney-client privilege and the attorney work-product doctrine. *See, e.g., In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997). Subject to and without waiving the foregoing objections, Mr. Johnson will produce non-privileged documents in response to other Requests and under Rule 26 that will be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**
All documents setting forth any rule, law, regulation, policy or procedure, or standard of care identified by you in your answer to Interrogatory number 10, *supra*.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Mr. Johnson incorporates his objections made to Interrogatory No. 10, and stands on those objections.

**REQUEST FOR PRODUCTION NO. 29:**
All text messages you sent from and received on your personal cellular telephone between March 16, 2015 and March 23, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Mr. Johnson objects that this request seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this

- 31 -

request is overbroad, lacks specificity, seeks information that is not relevant to any party's claims

or defenses, and is not proportional to the needs of this case because it seeks all text messages

sent to any person regardless of the subject matter. Responding to this Request as written would

be unduly burdensome. *See, e.g., Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251, 262

(E.D. Wis. 2013); Fed. R. Civ. P. 1. Mr. Johnson stands on his objections.

**REQUEST FOR PRODUCTION NO. 30:**
    All text messages you sent and received on your personal cellular telephone from March
23, 2015 to the present date with respect to, concerning, relating to, or involving the
circumstances, events, facts, or incidents alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

    Mr. Johnson objects that this request seeks information that is protected by the attorney-

client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this

request is overbroad, lacks specificity, and is not proportional to the needs of this case because it

seeks all text messages to or from anyone related to any allegation, event, fact, circumstance, or

incident set forth in the Complaint, whether or not such allegations are disputed or material to the

issues in this case. Responding to this Request as written would be unduly burdensome. *See,

e.g., Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251, 262 (E.D. Wis. 2013); Fed. R. Civ.

P. 1. Mr. Johnson stands on his objections.

**REQUEST FOR PRODUCTION NO. 31:**
    All emails you sent and received by means of any e-mail account(s) from March 18, 2015
to the present date with respect to, concerning, related to, or involving the circumstances, events,
facts, or incidents alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

    Mr. Johnson objects that this request seeks information that is protected by the attorney-

client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this

request is overbroad, lacks specificity, and is not proportional to the needs of this case because it

seeks all emails to or from anyone related to any allegation, event, fact, circumstance, or incident

set forth in the Complaint, whether or not such allegations are disputed or material to the issues

in this case. Responding to this Request as written would be unduly burdensome. *See, e.g.,*

*Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251, 262 (E.D. Wis. 2013); Fed. R. Civ. P. 1.

Mr. Johnson stands on his objections.

**REQUEST FOR PRODUCTION NO. 32:**
A copy of all statements or postings you have made or placed on Facebook, Twitter, or other social media website from March 18, 2015 to the present date with respect to, concerning, related to, or involving the circumstances, events, facts, or incidents alleged in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Mr. Johnson objects that this Requests seeks information that is protected by the attorney-

client privilege and the attorney work-product doctrine. Subject to and without waiving the

foregoing objections, Mr. Johnson will produce non-privileged documents responsive to this

Request to the extent such documents are within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 33:**
All documents, including but not limited to credit card statements and receipts, showing all of your purchase activity from March 16, 2015 to March 19, 2015.
**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Mr. Johnson objects that this Request seeks information that is not relevant to any party's

claims or defenses, overbroad, and not proportional to the needs of this case. *See, e.g., Cook v.*

*Howard*, 484 Fed.Appx. 805, 813 (4th Cir. 2012). Mr. Johnson stands on his objections.

**REQUEST FOR PRODUCTION NO. 34:**
A copy of every identification card, driver's license, or learners permit you have held in any and all States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Mr. Johnson objects that this Request seeks information that is not relevant to any party's

claims or defenses, overbroad because it is unlimited in time, and not proportional to the needs of

this case. *See, e.g., Cook v. Howard*, 484 Fed.Appx. 805, 813 (4th Cir. 2012). Subject to and without waiving the foregoing objections, Mr. Johnson will produce a copy of the identification card(s) he held at the time of the incident described in the Complaint provided such card(s) are in his possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 35:**
      Any document demonstrating, evidencing, or showing any communication or correspondence between you and any person employed by or affiliated or associated with Trinity, which is the venue you allege in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

      Mr. Johnson objects that that this Request seeks information that is subject to the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this Request seeks information that is not relevant to any party's claims or defenses, overbroad because it is unlimited in time, lacks specificity as to subject matter or context, and not proportional to the needs of this case. *See, e.g., Cook v. Howard*, 484 Fed.Appx. 805, 813 (4th Cir. 2012); *Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251, 262 (E.D. Wis. 2013); Fed. R. Civ. P. 1. Mr. Johnson stands on his objections.

**REQUEST FOR PRODUCTION NO. 36:**

      With respect to the statement(s) you identified in Interrogatory numbers 18 and 19, *supra*, all documents with respect to, concerning, relating to, or involving said statement(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

      Mr. Johnson objects that that this Request seeks information that is subject to the attorney-client privilege and the attorney work-product doctrine. Mr. Johnson further objects that this Request seeks information that is not relevant to any party's claims or defenses, overbroad, lacks specificity as to subject matter or context, and not proportional to the needs of this case. *See, e.g., Cook v. Howard*, 484 Fed.Appx. 805, 813 (4th Cir. 2012); *Dauska v. Green*

- 34 -

*Bay Packaging, Inc.*, 291 F.R.D. 251, 262 (E.D. Wis. 2013); Fed. R. Civ. P. 1. Mr. Johnson

further objects that the non-privileged statements identified in response to Interrogatories 18 and

19 are publicly available (and links to such statements have been provided in the interrogatory

responses) and are thus as equally accessible to Defendant. Subject to and without waiving the

foregoing objections, Mr. Johnson will produce any non-privileged statements referenced in his

responses to Interrogatories 18 and 19 to the extent that such statements are not publicly

available and are within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37:**
A copy of all of the documents referenced in your Amended Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Mr. Johnson will produce documents responsive to this Request to the extent they have

not already been produced or otherwise made available to the Defendant and are in Mr.

Johnson's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 38:**
A copy of your criminal record from any and all States in which you have resided,
including but not limited to Illinois and Virginia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Mr. Johnson objects that this Request seeks information that is not relevant to any party's

claims or defenses, overbroad because it is unlimited in time, and not proportional to the needs of

this case. *See, e.g., Cook v. Howard*, 484 Fed.Appx. 805, 813 (4th Cir. 2012). Mr. Johnson

stands on his objections.

Dated: January 20, 2017                          Respectfully submitted,


                                                 /s/ Joshua N. Drian
                                                 Benjamin G. Chew (VSB #29113)
                                                 Joshua N. Drian (VSB #82061)

- 35 -

Diana L. Eisner (admitted *pro hac vice*)
Attorneys for Plaintiff
MANATT, PHELPS & PHILLIPS, LLP
1050 Connecticut Avenue, N.W., Suite 600
Washington, DC 20036
Telephone: (202) 585-6500
Fax: (202) 585-6600
Email: BChew@manatt.com
Email: JDrian@manatt.com
Email: DEisner@manatt.com

*Counsel for Plaintiff Martese Johnson*

- 36 -

## CERTIFICATE OF SERVICE

I, Joshua N. Drian, hereby certify that, on the 20th day of January 2017, I served a copy

of the foregoing via email, by agreement of the parties, on the following:

Nicholas F. Simopoulos, Esq.
General Civil and Trial Unit Manager
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, VA 23219
nsimopoulos@oag.state.va.us

/s/ Joshua N. Drian
Joshua N. Drian (VSB #82061)
Attorneys for Plaintiff
MANATT, PHELPS & PHILLIPS, LLP
1050 Connecticut Avenue, N.W., Suite 600
Washington, DC 20036
Telephone: (202) 585-6500
Fax: (202) 585-6600
Email: JDrian@manatt.com

*Counsel for Plaintiff Martese Johnson*

- 37 -