CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

05/18/18

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **MARTESE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 3:15-cv-55 |
| | ) | |
| v. | ) | |
| | ) | |
| **DEPARTMENT OF ALCOHOLIC** | ) | By: Hon. Robert S. Ballou |
| **BEVERAGE CONTROL, et al.,** | ) | United States Magistrate Judge |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## SETTLEMENT CONFERENCE ORDER

This case has been referred to the Magistrate Judge for a settlement conference. To facilitate the just and expeditious resolution of this case, it is **ORDERED** as follows:

1. All parties and their lead counsel are required to appear at the settlement conference scheduled in the **United States District Court, First Floor Grand Jury Suite, 255 W. Main Street, Charlottesville, Virginia, at 9:00 a.m. on Tuesday, July 10, 2018, and ending at 2:00 p.m.**, for the purpose of conducting discussions, in good faith, towards a compromise resolution of this case. *Other court proceedings will be scheduled beginning at 2:00 p.m., so the parties need to be prepared to conclude their negotiations during the time scheduled*. *The mediation may continue past 2:00 p.m. as the court's schedule allows, so parties are not to make travel arrangements or schedule return flights earlier than 6:00 p.m.*

2. At the settlement conference, the parties should be prepared to provide a brief presentation outlining the factual and legal highlights of the case to be followed by separate confidential caucuses with the Magistrate Judge.

3. Each party must bring to the settlement conference a person who is knowledgeable about the facts of the case and who has final authority up to the highest amount of the party's evaluation of the case value, to be employed at that person's discretion, to resolve all facets of the case without having to seek or obtain additional authority from persons not in attendance.[1] No party or party representative may appear at the settlement conference via telephone without first obtaining court approval. If there are issues involving medical or other liens, a representative with authority for the lien holder shall attend and participate in the settlement conference. The requirements of this paragraph may only be waived by the Magistrate Judge.

4. Prior to the settlement conference, the parties should make good faith efforts to negotiate and settle the case. Specific proposals and counter proposals beyond the initial offer and demand should be exchanged. This exchange shall include drafts of any proposed settlement agreement so that the parties may discuss the terms of the proposed settlement agreement and identify those terms which are agreeable and those terms which are not agreeable to any party.

5. The substantive negotiations at the settlement conference are **CONFIDENTIAL** and may not be used by the parties for any purpose other than settlement. The parties and representatives attending or participating in the settlement conference are required to negotiate in good faith.

6. The parties are advised that during the course of the settlement conference, it is expected and understood that the Magistrate Judge will provide legal information and evaluation

---

[1] If final authority to settle is vested only in a governing board, claims committee, or equivalent body and cannot be delegated to a representative, an entity must disclose (in writing or electronically) this fact to all other parties and the Magistrate Judge at least 14 days before the mediation session will occur. The required disclosure must identify the board, body, or person in whom final settlement authority is vested. In this instance, the party must send the person (in addition to counsel of record) who has, to the greatest extent feasible, authority to recommend a settlement, and who is knowledgeable about the facts of the case, the entity's position, and the procedures and policies under which the entity decides whether to accept proposed settlements.

to aid the parties in making informed decisions. Such legal information and evaluation includes, for example, assessing the strength and weaknesses of factual and legal positions, the value and costs of alternatives to settlement, and any barriers to settlement. By participating in a settlement conference with the Magistrate Judge, the parties are deemed to have requested and consented to such an evaluative approach. Should a party not be interested in an evaluative approach, they should so advise the Magistrate Judge. In that case, the settlement conference will be cancelled, and the parties may avail themselves of private mediation.

7. The parties are further advised that (i) the Magistrate Judge does not provide legal advice; (ii) any agreement reached at the settlement conference may affect the legal rights of the parties; (iii) each party has the opportunity to consult with independent legal counsel at any time and is encouraged to do so; and (iv) each party should have any draft settlement agreement reviewed by independent counsel prior to signing the agreement.

8. Counsel for the parties shall schedule a conference call with the court approximately fourteen (14) days in advance of the settlement conference to discuss the issues in the case, the settlement conference process, and any unusual circumstances or questions. Such initial communications should involve all parties. Thereafter, the parties may raise confidential or strategic considerations with the Magistrate Judge on a separate and confidential basis.

9. **The parties shall submit a brief statement as to their factual and legal position on or before Tuesday, July 3, 2018.** The parties may submit this statement in either memorandum or letter form. The parties are required to exchange statements so that the opposing side may have a complete understanding of each side's position. The statements should address relevant factual issues, legal position, and the history of any settlement demands or offers in the case. The statement must identify the persons who will be present at the settlement conference, their positions, and the basis for their authority to resolve the case.

3

Case 3:15-cv-00055-NKM-JCH   Document 227   Filed 05/18/18   Page 3 of 6   Pageid#: 5067

Finally, the statement shall include an affirmative representation that the persons attending the settlement conference will meet the authority requirement of paragraph 3 of this Order. **This statement should not be electronically filed but is to be emailed to [ballou.ecf@vawd.uscourts.gov](mailto:ballou.ecf@vawd.uscourts.gov).** The parties may also submit a separate statement to the Magistrate Judge relating confidential or strategic issues affecting settlement.

10. Submissions to the court in preparation for settlement conference should total no more than **fifty (50) pages** combined, including exhibits.

11. If the case is resolved at the settlement conference, the parties will be required to execute a settlement agreement that day. Therefore, the parties shall bring an electronic version of the proposed settlement agreement, in Word format, to the conference to facilitate preparation and execution of the settlement agreement.

12. If a party appears at the settlement conference without having complied with the requirements of this Order or fails to negotiate in good faith at the settlement conference, the Magistrate Judge may continue or cancel the settlement conference, and may assess against the non-complying party, attorney, or both, a monetary sanction, which may include the fees and expenses incurred by the other parties in attending the settlement conference.

13. For additional guidance on mediation preparation, parties may refer to Exhibit A attached to this Order.

Entered: May 18, 2018

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

4

Case 3:15-cv-00055-NKM-JCH   Document 227   Filed 05/18/18   Page 4 of 6   Pageid#: 5068

# *SETTLEMENT CONFERENCE PREPARATION*

The party who is best prepared for a settlement conference usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to facilitate an effective and productive settlement conference.

A. <u>Format</u>

    1. Parties with ultimate settlement authority must be personally present.

    2. The court will use a mediation format, and private caucusing with each side; the judge may address your client directly.

    3. Do you want a summary jury trial, arbitration, mini-trial or other procedure instead of/after this conference? If so, or if you want to know more about these processes, please contact the court so a conference call to discuss options can be arranged. Have you discussed these options with your client?

B. <u>Issues</u>

    1. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

    2. What remedies are available resulting from this litigation or otherwise?

    3. Is there any ancillary litigation pending or planned which affects case value?

    4. Do you have enough information to value the case? If not, how are you going to get more information before the conference?

    5. Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

C. <u>AUTHORITY</u>

    1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Has any lien holder compromised its lien or is a representative from the lien holder with authority scheduled to attend the settlement conference?

    2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount or type of insurance coverage affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier? If so, notify the court immediately with this information.

D. <u>NEGOTIATIONS</u>

Exhibit A - 1

1. Where have your last discussions ended? Are you sure?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it does not have this information?

6. What happens if you do not settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

7. Do you have an agreed form of the settlement agreement? If not, what terms, i.e. confidentiality, are at issue?

E. *CLOSING*

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want court involvement in these talks?

5. If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.

Exhibit A - 2